Argued and submitted August 22, affirmed November 13, 1979

McKINNEY,
*Appellant,*
*v.*
SMITH,
*Respondent.*

(No. 51729, CA   12935)

602 P2d 679

J. W. Walton, Corvallis, argued the cause for appellant. On the brief were Robert G. Ringo, and Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Bruce W. Williams, Salem, argued the cause for respondent. With him on the brief was Williams, Spooner & Graves, P.C., Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Plaintiff appeals from a judgment on a jury verdict finding plaintiff 68 percent negligent and defendant 32 percent negligent in a motorcycle-truck accident. Plaintiff assigns as errors: (1) an instruction on "lawful left turn"; and, (2) failure to direct a verdict for plaintiff.

Defendant was proceeding in his truck in a westerly direction on a two-way road; plaintiff was traveling in the same direction on a motorcycle behind the defendant. Defendant entered an intersection and began to make a left turn. Plaintiff at the same time was attempting to pass defendant's vehicle on the left. He collided with defendant's truck. There was conflicting evidence on whether defendant signaled before he made the left turn.

Plaintiff asserts that the trial judge erred by giving an additional instruction to the jury after he had initially instructed on the general rule that driving on the left side of the road is not permitted at an intersection. At defendant's request, the judge recalled the jury and instructed them that the limitation on driving on the left side of the road at an intersection does not apply when a driver makes a lawful left turn.

Plaintiff claims that the additional instruction did not explain "lawful left turn" to the jury, was not within the issues or pleadings of the case and implied that defendant's conduct was not negligent. We disagree.

The initial instructions given to the jury included the following:

"So I will turn now to the law in regard to the operation of motor vehicles in respect to moving from a straight line. The law of the State of Oregon provides that a driver of any vehicle upon a highway before starting, stopping, or turning from a direct line shall first see that such movement can be made in safety. Under this statute whether a starting or

[217]

stopping or turning can be made in safety depends upon whether a reasonably prudent person under the same or similar circumstances would consider that such movement could or could not be made in safety.

"The statutory law of the State of Oregon further provides that whenever the operation of any other vehicle may be affected by such starting, stopping, or turning, the driver shall give a proper signal which is plainly visible to the driver of such other vehicle of his intention to make such movement. Under this portion of the statute where the operation of any other vehicle may be affected by such starting, stopping, or turning depends upon whether or not a reasonably prudent person under the same or similar circumstances would consider that the operation of any other vehicle would or would not be affected by such movement.

"The signal required by the statute shall be given by means of the hand or arm, or by an approved mechanical or electrical device. The signal required before turning must be given continuously during at least the last one hundred feet traveled by the vehicle before turning.

"Now, in respect to the matter of passing at intersections, the law of the State of Oregon reads as follows: 'Upon any two-way roadway where traffic is permitted to move in both directions simultaneously, a driver shall not drive on the left side of the center of the roadway at any intersection.' "

The additional instruction and colloquy which gave rise to the assignment of error was:

"Ladies and gentlemen of the jury, I want to add one qualification to the instruction I gave you about what was called passing at an intersection. I will read the instruction I gave you and the qualification I want to give you. I read to you that 'Upon any two-way roadway where traffic is permitted to move in both directions simultaneously, a driver shall not drive on the left side of the center of the roadway at any intersection.'

"The part that I am adding is that 'This limitation does not apply when a driver makes a lawful left turn.'

[Plaintiff's counsel]: "May we approach the Bench, Your Honor? Plaintiff would respectfully request the Court, in view of this instruction, the Court further instruct the jury that a lawful left turn requires an electrical signal for not less than one hundred feet prior to making the turn in the event that another vehicle is involved in the turn.

THE COURT: "Ladies and gentlemen of the jury, all the other instructions that I gave you apply about when it is appropriate to make a left turn and the signal required, and the other instructions about negligence apply, and you are not to give any greater emphasis to this aspect of the case because I added the qualification.

"You may return to your deliberations."

Plaintiff's argument that "lawful left turn" was left unexplained to the jury is not persuasive. The trial judge indicated that his other instructions concerning proper signaling and the appropriate way to make a left turn continued to be applicable. The proper signal technique required by statute in making a lawful left turn were included in the instructions.

Plaintiff also says that the issue of "lawful left turn" was not within the issues or pleadings of the case. The record indicates that plaintiff alleged that defendant was negligent in the manner in which he made the left turn and that defendant alleged that plaintiff was negligent in passing at an intersection. The law governing turning, lawful left turns and passing at an intersection were encompassed by the pleadings.

Plaintiff did not move for a directed verdict, so we do not consider that assignment of error. *R.J. Frank Realty, Inc. v. Heuvel,* 284 Or 301, 586 P2d 1123 (1978).

Affirmed.